IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| ALAN JAY FANNING | § | |
| VS. | § | CIVIL ACTION NO. 5:18cv91 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION REGARDING VENUE

Petitioner Alan Jay Fanning, an inmate confined at the LeBlanc Unit in Beaumont, Texas, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background and Prior Proceedings

Petitioner brings this petition for writ of habeas corpus complaining that he has been denied treatment for chronic Hepatitis C disease. Petitioner states he is seeking treatment for his chronic illness.

Analysis

*Nature of Action*

A section 1983 action is an appropriate remedy for recovering damages resulting from illegal administrative procedures. *Richardson v. Fleming*, 651 F.2d 366, 372 (5th Cir. 1981). On the other hand, the writ of habeas corpus is the appropriate federal remedy for a state prisoner challenging the fact of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 1833, 36 L.Ed,2d 439 (1973). The core issue in determining whether a prisoner must pursue habeas corpus relief rather than a civil rights action is to determine whether the prisoner challenges the "fact or duration" of his confinement or merely the rules, customs, and procedures affecting "conditions" of confinement. *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987).

Here, petitioner does not contest the fact or duration of his confinement. Instead, he challenges a condition of his confinement, the alleged denial of medical care. Section 1983 is an appropriate legal vehicle to attack unconstitutional parole procedures or conditions of confinement. *Johnson v. Pfeiffer*, 821 F.2d 1120, 1123 (5th Cir. 1987); *Preiser*, 411 U.S. at 498, 93 S.Ct. at 1840-41. Thus, petitioner must pursue his claims in a civil rights action pursuant to 42 U.S.C. § 1983. Accordingly, the Court will liberally construe petitioner's petition as a complaint brought pursuant to 42 U.S.C. § 1983.

*Venue*

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case must be brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curiam*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose. Plaintiff's claims arose at the LeBlanc Unit which is located in Jefferson County, Texas. Additionally, the only defendant listed, the Director of the Texas Department of Criminal Justice, Correctional Institutions Division, is employed in Huntsville, Texas. When public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their official duties, which in this case is Huntsville in Walker County, Texas. *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982); *Lowrey v. Estelle*, 433 F.2d 265 (5th Cir. 1976).

Pursuant to 28 U.S.C. § 124, Jefferson County is located in the Beaumont Division of the Eastern District and Walker County is in the Houston Division of the Southern District of Texas.

While Jefferson County is in the Eastern District of Texas, it is in the Beaumont Division of such district, rather than the Texarkana Division. When a case is filed in the wrong district or division, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district

or division in which it could have been brought." 28 U.S.C. § 1406(a). *See Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634 (5th Cir. 1994) (remanding the case to the Houston Division of the United States District Court for the Southern District of Texas, with instructions that the case be transferred to the McAllen Division of the United States District Court for the Southern District of Texas pursuant to Section 1406(a)).

For the reasons set forth above, this case should be transferred to the Beaumont Division of this Court as a civil rights action. A Transfer Order so providing shall be entered in accordance with this Memorandum.

**SIGNED this 26th day of July, 2018.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE